**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MASONRY INSTITUTE, BRICKLAYERS LOCAL 21 PENSION FUND, DISTRICT COUNCIL TRAINING CENTER FUND, and BRICKLAYERS AND STONE MASONS OF ILLINOIS DISTRICT COUNCIL NO. 1 B.A.C. ANNUITY TRUST FUND, | ) ) ) ) ) ) ) | |
| | ) | Case No. 08 C 1153 |
| Plaintiffs, | ) ) ) | Judge Bucklo |
| | ) | Magistrate Judge Keys |
| vs. | ) ) | |
| LOUIS TUCKPOINTING, INC., an Illinois corporation | ) ) ) | |
| Defendant. | ) ) | |

<u>**DEFENDANT'S ANSWER TO COMPLAINT**</u>

Defendant Louis Tuckpointing, Inc, ("Defendant"), by its undersigned attorneys, answers Plaintiffs Masonry Institute, Bricklayers Local 21 Pension Fund, District Council Training Center Fund, and Bricklayers and Stone Masons of Illinois District Council No. 1 B.A.C. Annuity Trust Fund's ("Plaintiffs") Complaint as follows:

1.     This action is brought under the provisions of Sections 502(g)(2), (a)(3), and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(g)(2), (a)(3), and 1145.

**<u>ANSWER:</u>**    Defendant admits the allegations contained in Paragraph 1.

2.     Jurisdiction in this Court is based upon Sections 502(e)(1) and 502(e)(2) of ERISA, 29 U.S.C. §§ 1132(e)(1) and (e)(2).  Section 502(e)(2) states in relevant part:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach

took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

**ANSWER:**    Defendant denies that the Court has jurisdiction over the matter under Section 502(e) of ERISA, 29 U.S.C. § 1132(e).  Defendant admits that the Court otherwise has jurisdiction over this matter.

3.    The MASONRY INSTITUTE, BRICKLAYERS LOCAL 21 PENSION FUND, DISTRICT COUNCIL TRAINING CENTER FUND, AND BRICKLAYERS AND STONE MASONS OF ILLINOIS DISTRICT COUNCIL NO. 1 B.A.C. ANNUITY TRUST FUND  ("Funds") receive contributions from numerous employers pursuant to collective bargaining agreements heretofore entered into between District council No. 1 of the International Union of Bricklayers and Allied Craftsmen ("Union") and Defendant, and the Funds are maintained and administered in accordance with and pursuant to the provisions of Section 302(c)(5) of the National Labor Relations Act, as amended, ERISA and other applicable federal law and the funds are administered pursuant to the terms and provisions of a certain Restated Agreement and Declaration of Trust ("Trust Agreement").

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3.

4.    The Fund office is located at 2340 South River Road, Suite 303, Des Plaines, Illinois 60018-3224, and the Funds are administered in the Northern District of Illinois.

**ANSWER:**    Defendant admits the allegations contained in Paragraph 4.

5.    As provided in the Trust Agreement, Plaintiffs are required to receive, hold and manage all monies required to be contributed to the funds in accordance with the provisions of the then applicable Collective Bargaining Agreement for the uses and purposes set forth in the Trust Agreement.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5.

6.    Defendant is an employer engaged in an industry affecting commerce and maintains its principal place of business at 9227 Gulfstream Road, Unit H, Frankfort, Illinois 60423.

**ANSWER:**   Defendant admits the allegations contained in Paragraph 6.

7.   Defendant employs or has employed persons represented for collective bargaining purposes by the Union and agreed to be bound by the Collective Bargaining Agreement or agreements referred to herein, by the terms of which Defendant was required to contribute to the Funds.

**ANSWER:**   Defendant admits the allegations contained in Paragraph 7.

8.   Plaintiffs are advised and believe that Defendant has repeatedly failed to submit accurate contribution reports and the required payments thereon to the Funds pursuant to the terms of the collective Bargaining Agreement by which it was bound, all in violation of its contractual obligations and its obligations under applicable federal statutes.

**ANSWER:**   Defendant is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 8.

9.   As a result of the above-described omissions and breaches of agreement by Defendant, Plaintiffs may be required to (a) deny the employee beneficiaries for whom contribution have not been made the benefits provided under the benefit plan, thereby causing to such employee beneficiaries substantial and irreparable damage, or (b) to provide to employees of Defendant the benefits provided under the benefit plan, notwithstanding Defendant's failure to make the required contributions thereto, thereby reducing the corpus of such Funds and endangering the rights of the employee beneficiaries thereunder on whose behalf contributions are being made, all to their substantial and irreparable injury.

**ANSWER:**   Defendant is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 9.

10.   Plaintiffs, in their behalf, and on behalf of all employees for whose benefit the Funds were established, have requested Defendant to perform its obligations, but Defendant has refused and failed to perform as herein alleged.

**ANSWER:**   Defendant admits that it has not made all contributions due to

Plaintiffs, and that Plaintiffs have requested Defendant to make additional

payments. Defendants deny the remaining allegations of paragraph 10.

11.   Plaintiffs are without an adequate remedy at law and will suffer

immediate, continuing and irreconcilable injury and damage unless Defendant is ordered to specifically perform all of its obligations required under the Collective Bargaining Agreement and the Trust Agreement, and is restrained from continuing to refuse to perform as thereunder required.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 11.

12. Defendant is delinquent to the Funds for the period of September 1, 2007, through January 31, 2008, in the estimated amount of $40,000.00.

**ANSWER:**    Defendant admits that it is delinquent to the Funds in some

amount for some period.  Defendant denies that it is delinquent for the entire

period of September 1, 2007 through January 31, 2008.  Defendant lacks

knowledge or information sufficient to form a belief concerning the exact

amount of the delinquency estimated by Plaintiffs.

13. Defendant's failure to pay is a violation of the Collective Bargaining Agreement and Trust Agreements.  Plaintiffs, therefore, seek enforcement of these provisions pursuant to Section 502(a)(3), (b)(ii), and Section 301(a) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. Sec. 185(a).

**ANSWER:**    Defendant is without knowledge or information sufficient to form a

belief that it is in violation of any Collective Bargaining Agreement or Trust

Agreement.  Defendant admits that Plaintiffs seek such enforcement.

14. That from January 1, 2007, through the current date, Defendant has employed, and will continue in the future to employ, diverse number of individuals which are unknown to Plaintiffs but are known to Defendant on whose behalf Defendant has failed to report and remit contributions.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 14.

15. Plaintiffs are entitled to an accounting from Defendant, said accounting to state the number of individuals regularly employed by Defendant, including those regularly employed on a part-time basis, and the length of time all said individuals were employed by the Defendant for the period January 1, 2007, to the current date.

**ANSWER:**    Defendant denies the allegations contained in paragraph 15.

WHEREFORE, Defendant requests judgment in its favor and against Plaintiffs, an award of its attorneys' fees and costs, and such further relief as the Court deems just and proper.


Dated:  April 14, 2008

By:    /s/ Jeffrey H. Bergman
One of their Attorneys

Jeffrey H. Bergman
Michael F. Tomasek
Michael P. McBride
UNGARETTI & HARRIS, LLP
3500 Three First National Plaza
Chicago, Illinois 60602
(312) 977-4400

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

Jeffrey H. Bergman, an attorney, certifies that he served a copy of Defendant's Answer to Complaint via the U.S. District Court's electronic filing system, this 14th day of April, 2008 upon:

Robert Greenberg
Asher, Gittler, Greenfield & D'Alba, LTD.
200 West Jackson Boulevard, Suite 1900
Chicago, IL  60606
(312) 263-1500

/s/ Jeffrey H. Bergman
Jeffrey H. Bergman

1141747-1